IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 08-cr-00406-ZLW
(Removal from County Court, Adams County
*People of the State of Colorado v. David Jackson,*
Case No. 2007-T-2230)

PEOPLE OF THE STATE OF COLORADO,

v.

DAVID JACKSON,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 8 2008

GREGORY C. LANGHAM
CLERK

## ORDER FOR SUMMARY REMAND

Defendant David Jackson has filed *pro se* a "Petition for Removal and Stay State Court Proceeding." Mr. Jackson is removing to this Court Case Number 07-T-2230 from the County Court of Adams County, Colorado. The Court must construe the petition liberally because Mr. Jackson is not represented by an attorney in this action. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the petition will be construed as a notice of removal.

Mr. Jackson concedes that he previously removed this same criminal case to this Court and that the Court summarily remanded the case to the state court. *See People of the State of Colorado v. Jackson*, 07-cr-00222-ZLW (D. Colo. May 24, 2007), *appeal dismissed*, No. 07-1237 (10th Cir. Apr. 3, 2008). For the reasons stated below, the case again will be remanded summarily to the state court.

The Court initially notes that Mr. Jackson has not complied with the procedural requirements for removing this case to this Court. First, a notice of removal in a

criminal case generally must be filed within thirty days after arraignment unless good cause is shown. *See* 28 U.S.C. § 1446(c)(1). Based on the fact that Mr. Jackson previously removed this same case to this Court more than a year ago, it is apparent that his current effort to remove the same case is untimely and Mr. Jackson has not shown good cause for the untimely removal. Second, Mr. Jackson has not filed copies of "all process, pleadings, and orders" served on him in the state court action as required pursuant to § 1446(a).

Removal also is inappropriate as a substantive matter because Mr. Jackson fails to cite any statutory authority for the removal. He alleges only that he "based the removal on the fact that the suspension of his driving privileges, and the subsequent, [sic] prosecution is cruel and unusual punishment." (Notice of Removal at 1.)

Title 28 U.S.C. § 1443 authorizes removal to federal court of certain civil rights cases. The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219)). Mr. Jackson does not allege that he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Mr. Jackson has failed to provide the court with specific factual allegations regarding his inability to enforce his constitutional rights in the state court criminal prosecution. Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate in this action. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Mr. Jackson does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Therefore, this action will be remanded summarily to the state court. *See* 28 U.S.C. § 1446(c)(4). Accordingly, it is

3

ORDERED that Case No. 2007-T-2230 is remanded summarily to the County Court of Adams County, Colorado. It is

FURTHER ORDERED that the clerk of this court shall mail a certified copy of this order to the clerk of the County Court of Adams County, Colorado.

DATED at Denver, Colorado, this 7 day of Oct., 2008.

BY THE COURT:

*(signature)*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cr-00406-ZLW

David Jackson
PO Box 17163
Boulder, CO 80308

County Court of Adams County
Adams County Justice Center
1100 Judicial Center Drive
Brighton, CO 80601

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/8/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk